IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LESLIE MORRISON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 20-cv-01279-DWD |
| | ) |
| E. WILLIAMS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Petitioner Leslie Morrison, an inmate of the Federal Bureau of Prisons, currently incarcerated at Greenville Federal Correctional Institution ("FCI-Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his sentence in *United States v. Morrison*, Case No. 12-cr-10070-SLD-JEH-5 (C.D. Ill. 2012) ("Criminal Case") which was enhanced based on his prior state drug convictions[1] pursuant to 21 U.S.C. § 851 (Doc. 1). In 2015, Morrison was sentenced to life in prison after pleading guilty to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) and 841(a)(1) (Doc. 1; Criminal Case, Doc. 167). On February 12, 2016, Morrison's sentence was reduced to 25 years in prison (Doc. 1; Criminal Case Doc. 194).

In support of his Petition, Morrison invokes *Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016) to argue that he should not have been subject to enhancement under the

---

[1]Morrison was previously convicted of: manufacturing/delivery of a controlled substances in Knox County, Illinois Case No. 79-cf-150; unlawful possession of controlled substance in Knox County, Illinois Case No. 99-cf-417; and unlawful possession of controlled substance in Knox County, Illinois Case No. 03-cf-680 (Doc. 1).

United States Sentencing Guidelines (Doc. 1). Morrison also argues that his guilty plea was "involuntary and unknowing" because he was unaware that his prior state convictions should not have been used to enhance his sentence (Doc. 1).

This case is now before the Court for a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review.

## Discussion

Federal prisoners who seek to attack the validity of their federal convictions must normally proceed pursuant to 28 U.S.C. § 2255[2], and Section 2241 petitions are generally limited to challenges to the execution of the sentence. *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). However, federal prisoners may utilize Section 2241 to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of 28 U.S.C. § 2255(e). The savings clause allows a petitioner to bring a claim under Section 2241,

---

[2] Previously, Morrison brought a habeas action pursuant to 28 U.S.C. § 2255 in Case No. 16-cv-01213-MMM (C.D. Ill. 2016). The court ultimately dismissed that case based on the Petitioner's plea agreement and the inapplicability of *Johnson v. United States*, 135 S. Ct. 2551, 2553, (2015) to his case.

where he can show that a remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. *United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).

The Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: 1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; 2) the case was decided after his first § 2255 motion but is retroactive; and 3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)); *Davenport*, 147 F.3d at 608.

*Mathis* is a case of statutory interpretation case, appearing to satisfy this first prong here. *Dawkins v. United States*, 829 F.3d 549, 550-51 (7th Cir. 2016) ("An independent claim based on Mathis must be brought, if at all, in a petition under 28 U.S.C. § 2241."). However, there is insufficient information before the Court upon to examine the remaining factors here or to conclude that dismissal at this preliminary stage pursuant to Rule 4 is appropriate. Although Petitioner has summarized the procedural history of his case, the records themselves are not before the Court. As it is not plainly apparent that Petitioner is not entitled to relief in this Court, the Petition survives preliminary review.

### Disposition

**IT IS HEREBY ORDERED** that Respondent E. Williams shall answer the petition or otherwise plead by **July 12, 2021**. This preliminary order to respond does not, of

course, preclude the government from making whatever waiver, exhaustion, or timeliness argument it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois shall constitute sufficient service.

Petitioner's Motion for Status (Doc. 3) is **GRANTED**.  Petitioner's case continues in accordance with the instructions in this Order.  Petitioner is further **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action. See Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated:  June 11, 2021

_____
DAVID W. DUGAN
United States District Judge