IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LESLIE MORRISON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 20-cv-01279-DWD |
| | ) |
| E. WILLIAMS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Petitioner Leslie Morrison, an inmate of the Federal Bureau of Prisons, currently incarcerated at Greenville Federal Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his 300-month sentence imposed in *United States v. Morrison*, Case No. ILCD Case No. 12-cr-10070-SLD-JEH-5 ("Criminal Case") which was enhanced based on his prior state drug convictions[1] pursuant to 21 U.S.C. § 851 (Doc. 1).

In support of his Petition, Morrison invokes *Mathis v. United States*, 579 U.S. 500 (2016) and *United States v. Elder*, 900 F.3d 491, 498 (7th Cir. 2018) to argue that he should not have been subject to enhancement under the United States Sentencing Guidelines

---

[1] Morrison was previously convicted of manufacturing/delivery of a controlled substances in Knox County, Illinois Case No. 79-CF-150; unlawful possession of controlled substance in Knox County, Illinois Case No. 99-CF-417; and unlawful possession of controlled substance in Knox County, Illinois Case No. 03-CF-680 (Doc. 1); *see also United States v. Morrison,* ILCD Case No. 16-cv-1213, Doc. 5 at 4. The Court is entitled to take judicial notice of these court documents. *See Keller v. Walton*, No. 14-CV-594-DRH, 2014 WL 2861547, at *1 (S.D. Ill. June 24, 2014), *aff'd* (July 30, 2015) (district courts may judicially notice public records available on Public Access to Court Electronic Records ("PACER") and other court documents to determine petitioner's criminal and litigation history) (citing *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) and *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994)).

1

(Doc. 1). Morrison also argues that his guilty plea was "involuntary and unknowing" because he was unaware that his prior state convictions should not have been used to enhance his sentence (Doc. 1). The Government filed a response (Doc. 9), to which Petitioner replied (Doc. 14). For the reasons detailed below, the Petition will be denied.

## Procedural History

On October 28, 2014, Morrison pleaded guilty to Conspiracy to Manufacture Methamphetamine in violation of 21 U.S.C. § 846, 841(a)(1) and 841(b)(1)(A). *See* Criminal Case, Doc. 143, at 2; *United States v. Morrison,* ILCD Case No. 16-cv-1213, Doc. 5 at 1 (order denying Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255). On July 24, 2015, Petitioner was sentenced to life in prison (Doc. 1; Criminal Case, Doc. 167). On February 5, 2016, Morrison's sentence was reduced to 300 months in prison (Doc. 1; Criminal Case Doc. 194).

## Discussion

Typically, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is usually limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner may only challenge his federal conviction or sentence under 28 U.S.C. § 2241 in very limited circumstances, such as the "saving clause" of 28 U.S.C. § 2255(e), which authorizes a federal prisoner to file a 28 U.S.C. § 2241 petition

2

where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002).

Section 2255 relief is inadequate "when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis in original). Therefore, before relief under § 2241 becomes available, Petitioner must demonstrate the inability of a 28 U.S.C. § 2255 motion to cure the alleged defect in their conviction because of a structural problem inherent in § 2255. *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (Petitioner must show "something more than a lack of success with a section 2255 motion" before the saving clause is satisfied). Following *Davenport* and its progeny, the Seventh Circuit has developed a three-part test for determining whether § 2255 is inadequate or ineffective so to trigger the saving clause:

> 1. The federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion);
>
> 2. The statutory rule of law in question must apply retroactively to cases on collateral review *and* could not have been invoked in a first § 2255 motion; and
>
> 3. A failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice."

*Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) (emphasis in original) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016) and *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)); *see also Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019).

Petitioner asserts a claim based on the 2016 *Mathis* opinion, where the Supreme Court provided guidance on the "categorical approach for classifying prior convictions for purposes of recidivist sentencing enhancements." *See Watkins v. United States District Court for the Central District of Illinois*, 37 F.4th 453, 456 (7th Cir. 2022) (summarizing *Mathis*). Under the categorical approach, the court asks, "whether the elements of the crime of conviction match the elements of the crime referenced in the federal statute, while ignoring the particular facts of the case." *Elder*, 900 F.3d at 501 (finding an Arizona criminal statute's definition of "dangerous drugs" covered drugs that the federal definition did not) (internal citation and markings omitted). "If, and only if, the elements of the state law mirror or are narrower than the federal statute can the prior conviction qualify as a predicate felony drug offense." *Id.* (quoting *United States v. De La Torre*, 940 F.3d 938, 948 (7th Cir. 2019)).

Petitioner argues that his three prior Illinois drug convictions are no longer predicate convictions under 21 U.S.C. § 851 and asks that his sentence be reduced. Indeed, Petitioner was convicted of three prior Illinois felonies, all under 720 Ill. Comp. Stat. Ann. 570/402(c) (Doc. 1, p. 8). The Seventh Circuit has found that this statute is overbroad because it lists "propylhexedrine" while the federal definition of covered drugs does not. *See De La Torre*, 940 F.3d at 949; *Elder*, 900 F.3d at 501. Thus, Petitioner claims that he was wrongfully designated as a career offender.

Before reaching the merits of this argument, however, the Government argues that Petitioner's plea agreement forecloses the instant challenge (Doc. 9, pp. 4-5; Doc. 9-1). Indeed, Petitioner's signed plea agreement provides, in relevant part:

### Waiver of Right to Collateral Attack

11.     The defendant also understands that he has a right to attack his conviction and/or sentence collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that the Court was without proper jurisdiction; or that the conviction and/or sentence (including, but not limited to, the amount of the fine or restitution imposed) were otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, and in exchange for the concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and/or sentence (including, but not limited to, the amount of any fine or restitution imposed), in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of ineffective assistance of counsel.

. . .

27.     The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained to the defendant those rights and the consequences of the waiver of those rights.

. . .

29.     I have read the entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this Agreement, and I agree to it voluntarily and of my own free will. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, expressed or implied, to influence me to plead guilty other than those stated in this written Plea Agreement. I am satisfied with the legal services provided by my attorney. I understand that by signing

>  below I am stating I agree with everything stated in this paragraph, and I am accepting and entering into this Plea Agreement.

(Doc. 9-1, pp. 5-6, 13-14).

A plea agreement may include a valid waiver of the right to appeal and to file a collateral attack, and such waivers are generally enforceable, with limited exceptions. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). These limited exceptions include cases where: the plea agreement was involuntary; the district court "relied on a constitutionally impermissible factor (such as race)"; the sentence exceeded the statutory maximum; or defendant claims ineffective assistance of counsel in connection with the plea agreement. *Id.* (citing *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010)).

The Seventh Circuit requires any waiver of the right to bring collateral proceedings to be explicit. *Keller*, 657 F.3d at 681. Here, Petitioner's waiver is explicit: "the defendant knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and/or sentence (including, but not limited to, the amount of any fine or restitution imposed), in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255," except for claims of ineffective assistance of counsel, which Petitioner has not asserted (Doc. 9-1, pp. 5-6, 13). Thus, Petitioner's collateral review waiver bars his ability to seek relief here. *See Muse v. Daniels*, 815 F.3d 265, 266–67 (7th Cir. 2016) (an appeal or collateral review waiver in a plea agreement does not render § 2255 inadequate or ineffective).

Nevertheless, Petitioner argues that his guilty plea was "involuntary and unknowing" because he would not have agreed to the guilty plea had he known that his

prior state convictions would not have qualified for an enhancement (Doc. 14). Petitioner contends that he would have proceeded to trial absence the threat of a life sentence (Doc. 14, p. 1). This argument is foreclosed by *Brady v. United States*, 397 U.S. 742 (1970). In *Brady*, the United States Supreme Court stated that "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Id.* at 757. The Seventh Circuit recently affirmed this principle:

> We have consistently rejected arguments that an appeal waiver is invalid because the defendant did not anticipate subsequent legal developments. There is abundant case law that appeal waivers are effective even if the law changes in favor of the defendant after sentencing, even if those changes are "unforeseen legal changes" that bring about a "sea change" in the law.

*Plunkett v. Sproul*, 16 F.4th 248, 255 (7th Cir. 2021) (internal citation and markings omitted). Thus, the Seventh Circuit, and district courts in the Circuit, consistently enforce appeal and collateral waivers raising similar challenges to career offender designations. *See, e.g., United States v. Smith*, 759 F.3d 702 (7th Cir. 2014); *United States v. McGraw*, 571 F.3d 624 (7th Cir. 2009); *United States v. Standiford*, 148 F.3d 864 (7th Cir. 1998); *Clay v. Sproul*, No. 3:19-CV-1241-GCS, 2020 WL 3000826 (S.D. Ill. June 4, 2020), at *2; *Khoury v. Dunbar*, No. 21-CV-461-SPM, 2021 WL 5083557 (S.D. Ill. Nov. 2, 2021), at * 2.

Further, Petitioner's reliance on *De La Torre*, 940 F.3d at 948 does not support his attempt to set aside his collateral review waiver. In *De La Torre*, the Seventh Circuit set aside two defendants' plea agreements on direct appeal. However, that case involved setting aside two defendants' entire plea agreements on direct appeal, and never mentioned whether those plea agreements contained waivers. *Id.* at 944–45, 949-50, 952-

7

53. "There is a difference between reversing an error on appeal and correcting the error years later. An erroneous computation of an advisory guidelines sentence is reversible (unless harmless) on direct appeal; it doesn't follow that it's reversible years later in a postconviction proceeding." *Hawkins v. United States*, 706 F.3d 820, 824 (7th Cir. 2013), *opinion supplemented on denial of reh'g*, 724 F.3d 915 (7th Cir. 2013). Thus, "[a]n error in the interpretation of a merely advisory guideline is less serious" and is "not a proper basis for voiding a punishment lawful when imposed." *Id.*

Here, Petitioner has not argued that he was convicted of a nonexistent offense or that he is innocent of the offense he was convicted. Thus, even if Petitioner had not waived his collateral attack, he could not show a miscarriage of justice. Petitioner only argues that he was erroneously treated as a career offender under the advisory Sentencing Guidelines. The Seventh Circuit makes clear that a claim based on erroneous treatment as a career offender under the advisory Sentencing Guidelines does not demonstrate a miscarriage of justice. *Hawkins*, 706 F.3d 820; *see also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014). More recently, the Seventh Circuit reiterated that the Sentencing Guidelines have been advisory ever since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017). Petitioner was sentenced in 2015, well after the decision in *Booker* (Doc. 1; Criminal Case, Doc. 167). Further, Petitioner's sentence derives from 21 U.S.C. § 841, which at the time of his sentencing and resentencing, provided, in relevant part:

> (1) (A) In the case of a violation of subsection (a) of this section involving—

> (viii) 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers;
>
> **such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life and if death or serious bodily injury results from the use of such substance shall be not less than 20 years or more than life** . . .
>
> If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not less than 20 years and not more than life imprisonment and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment . . .
>
> If any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence.

28 U.S.C. § 841(b)(1)(A)(viii) (2015) (emphasis added).

In his plea agreement, Petitioner acknowledges that the conspiracy involved more than five hundred grams of a mixture and substance containing a detectable amount of methamphetamine. (Doc. 9-1, ¶ 23). Petitioner also does not dispute that fact in this proceeding. That fact satisfies the drug amount contained in 28 U.S.C. § 841(b)(1)(A)(viii). Therefore, the statutory range of imprisonment for Petitioner's offense, even without any prior felony drug offense, is 10 years to life. *See* 28 U.S.C. § 841(b)(1)(A)(viii). Thus, as in *Hawkins*, Petitioner's 300-month sentence is statutorily authorized with or without the challenged enhancements. *Hawkins*, 706 F.3d at 823 (finding no miscarriage of justice because it could not "be argued that [the court] imposed a sentence 'in excess of the

maximum authorized by law'") (citation omitted). Petitioner was sentenced below the unenhanced statutory maximum. Thus, there is not a miscarriage of justice here.

Because Petitioner's claim is barred by his collateral review waiver, and alternatively, because he cannot show a miscarriage of justice, the Court need not reach the Government's remaining arguments.

## Disposition

For these reasons, Petitioner Leslie Morrison's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED**, and this action is **DISMISSED with prejudice**. It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000); *see also* 28 U.S.C. § 2253.

The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**SO ORDERED.**

Dated: November 14, 2022

DAVID W. DUGAN
United States District Judge